IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIREMEN AND OILERS, LOCAL NO. 7, S.E.I.U./N.C.F.O., AFL-CIO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 03 C 608 ) ) Wayne R. Andersen |
| WILLIAM MOOREHEAD AND ASSOCIATES, | ) District Judge ) ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Plaintiff Fireman and Oilers, Local No. 7, S.E.I.U./N.C.F.O. ("Union") for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, the motion is granted.

## BACKGROUND

On January 27, 2003, the Union filed this lawsuit pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to enforce the September 20, 2002 decision of an arbitrator. The arbitrator ruled that William Moorehead and Associates ("Moorehead") violated the collective bargaining agreement ("CBA") between the Union and Moorehead by laying off two employees, Willie Mackmore and Larry Butler. To remedy the contract violations, the arbitrator ordered Moorehead to reinstate the two employees to their former positions and to make them whole for any economic and non-economic losses they may have suffered, including back pay and restoration of benefits and seniority.

The arbitrator's final and binding award was dated September 20, 2002. To date, Moorehead has not complied with the arbitrator's decision and has never moved to vacate or

modify the decision. The Union now moves for summary judgment in its favor seeking to enforce the award.

## DISCUSSION

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions of fact, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelly & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In responding to a motion for summary judgment, the non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). In analyzing whether summary judgment should be granted, the Court construes all facts and draws all reasonable inferences in the light most favorable to the non-moving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).

Section 301 of the Labor Management Relations Act does not identify a statute of limitations to apply to a challenge to an arbitration decision. Therefore, we must turn to the statute of limitation for a comparable action in the forum state. *Sullivan v. Gilchrist*, 87 F.3d 867, 870 (7th Cir. 1996). "In Illinois, the appropriate time period for challenging an arbitration award is the 90-day limitations period prescribed by the Illinois Arbitration Act, 710 ILCS 5/12(b)." *Id.* See also *Sullivan v. Lemoncello*, 36 F.3d 676, 681 (7th Cir. 1994); *International Union of Operating Engineers v. Centor Contractors*, 831 F.2d 1309 (7th Cir. 1987); *Plumbers'*

*Pension Fund, Local 130 v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266 (7th Cir. 1985). A failure to challenge an arbitration award within that time period "renders the award final." *Sullivan v. Gilchrist*, 87 F.3d 867, 871 (7th Cir. 1996). It is undisputed that Moorehead has failed to challenge the arbitration award within this 90-day period. Because Moorehead did not timely seek to vacate, nullify or modify the arbitrator's award, the arbitrator's decision must be enforced.

Moorehead admits that it has failed to comply with the arbitrator's order that it reinstate Mackmore and Butler and that it make them whole for any economic and non-economic losses. Moorehead raises three arguments in response. First, Moorehead contends that the CHA was responsible for funding employees' compensation pursuant to the terms of the management contract with the CHA. Second, Moorehead contends that the arbitrator's award is incomplete because it does not specify the amount of economic losses, including back pay, which Moorehead was to pay Mackmore and Butler. Finally, Moorehead argues that, by the time the arbitrator issued his award, the Chicago Housing Authority ("CHA") had terminated the management contract with Moorehead and, therefore, the reinstatement order was moot.

As mentioned above, the arbitrator's award in this case was issued on September 20, 2002. Moorehead raised its first objection to the award's enforceability, i.e., that the CHA (and not Moorehead) was responsible for funding employees' compensation, in its Answer, filed on April 30, 2004, well beyond the 90-day period for challenging arbitration awards. In its response to the summary judgment motion, Moorehead has now raised two additional challenges to the award: that the award does not specify the amount of back pay due; and that it is impossible to

comply with the reinstatement order since the CHA terminated the management contract and there were no jobs for Mackmore and Butler by the time the award issued.

In this case, Moorehead is time-barred from offering challenges to the arbitrator's award. Moorehead's opposition is a challenge to the basic underlying validity of the arbitrator's award. *See Centor Contractors*, 831 F.2d at 1311. Moorehead seeks to avoid liability for the remedy ordered by the arbitrator. However, its "only avenue for such relief is a timely suit to vacate." *Sullivan v. Gilchrist*, 87 F.3d at 871. As Moorehead did not timely seek to vacate, nullify or modify the arbitrator's award within the 90-day period, the arbitrator's award must be enforced. *See, e.g., Operating Engineers v. Murphy Co.*, 82 F.3d at 188.

## CONCLUSION

For the foregoing reasons, we grant the motion for summary judgment filed by the Plaintiff Firemen and Oilers, Local No. 7, S.E.I.U./N.C.F.O., AFL-CIO. Judgment is hereby entered in favor of the Plaintiff and against the Defendant William Moorehead and Associates. This case is set for status on February 10, 2005 at 9:00 a.m.

It is so ordered.

/s/ Wayne R. Andersen
United States District Judge

Dated: January 25, 2005