AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIREMEN AND OILERS, LOCAL NO. 7, S.E.I.U./N.C.F.O., AFL-CIO | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 03 C 608 Wayne R. Andersen |
| WILLIAM MOOREHEAD AND ASSOCIATES, | ) ) | District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION, AND ORDER

This case is before the Court on the motion of Plaintiff Firemen and Oilers, Local No. 7, S.E.I.U./N.C.F.O. ("Union") to enforce the arbitrator's decision. For the following reasons, the motion is granted.

## BACKGROUND

On July 25, 2002, the Union arbitrated grievances filed by Willie Mackmore and Larry Butler, who claimed that their employer, William Moorehead and Associates ("Moorehead") had laid them off on January 16, 2002 and February 19, 2002, respectively, in violation of the collective bargaining agreement ("CBA") then in effect between the Union and Moorehead.

On September 20, 2002, the arbitrator issued his opinion and award in which he upheld the grievances and found that Moorehead had violated the CBA by laying off Mackmore and Butler. To remedy the contract violation, the arbitrator ordered Moorehead to reinstate Mackmore and Butler to their former positions and to make them whole for any economic and non-economic losses they may have suffered including, but not limited to, back pay, restoration of benefits and restoration of seniority.

The Union then filed suit to enforce the decision of the arbitrator. On January 25, 2005, this Court granted the Union's motion for summary judgment and enforced the arbitrator's award against Moorehead. Moorehead is no longer operating and has not yet paid any back pay to Mackmore and Butler. The Union then filed this motion to enforce the arbitrator's decision by requesting that the Court order Moorehead to pay $ 35,850.74 in back pay and trust fund contributions for Mackmore and Butler.

DISCUSSION

Moorehead argues that requesting this Court to specify the amount of damages, when the arbitrator's award did not specify a specific amount, constitutes an impermissible modification and/or a material change of the arbitration award. We disagree and find that we have the authority to award a specific amount of damages in this case. The arbitrator's award specifies that the grievants, who were the subject of the arbitration hearing, are to be reinstated and made whole. Moorehead is no longer operating and, therefore, the only alternative is for Moorehead to comply with the arbitrator's make whole remedy.

In cases when the arbitrator fails to order a specific amount in damages, courts will specify a monetary award if it is possible from the record to make such a determination. In *Teamsters, Chauffeurs, Salesdrivers & Helpers v. Elglin Eby-Brown Co.*, 670 F. Supp. 1393, 1396 (N.D.Ill. 1987), the court calculated the specific monetary award when the arbitrator ordered back pay but did not specify an exact amount owed. The court held the plaintiff had provided sufficient information for the court to be able to resolve the ambiguity in the arbitration award. *Id.* The plaintiff had provided the court with the employee's affidavit which identified the employee's salary. The court held that the affidavit provided sufficient information with

2

which it could use to order a specific monetary award. *Id.*

Furthermore, Courts should resolve ambiguities in arbitration awards in the interest of prompt and final arbitration. In *Ethyl Corp. v. United Steelworkers of America*, 768 F.2d 180, 187 (7th Cir. 1985), the court held that it is preferable "to resolve the case once and for all now," if possible. In that case, an arbitration award did not specify a monetary award. Rather, the award merely stated that "the employees who were actively working at the time of the plant closing on December 4, 1981, are entitled to vacation pay for 1982." *Id.* at 183. The Court reasoned that because of the concern that some companies try to "reduce the credibility of unions by dragging out the grievance process through challenges in court to arbitration awards," the procedure of remanding a case to the arbitrator for determination of specific monetary damages should be avoided. *Id.* at 188. Although the award was unclear as to who and how much the employees should receive, the court ordered a specific monetary award. *Id.* at 186.

Similarly, this Court has the authority and sufficient information to award a specific monetary award. When the arbitrator awarded back pay to the grievants, "back pay" was the amount of money that the Company and Union records determined were owed to Mackmore and Butler. The Union provided the Court with the Declaration of Timothy Healy, President of the Union, which provides a basis for the calculations of Willie Mackmore and Larry Butler's back pay and trust fund contributions. Moorehead has not challenged the calculations and, thus, there is no dispute as to the amount of back wages owed.

Based on the Union's calculations, Moorehead owes Mackmore $ 19,624.20 in net back pay and Butler is owed $ 14,895.34 in net back pay. Moorehead also owes a total of $ 1,331.20 in contributions to the Firemen and Oilers, Local No. 7 Pension Trust Fund for both Mackmore

and Butler ($665.60 for each member). Moorehead does not dispute the amounts owing as calculated by the Union.

For these reasons, we grant the motion of the Union to enforce the arbitration award (#23) and hereby enter judgment in favor of the Union in the amount of $ 35,850.74.

This case is hereby terminated and this is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: 3/30/06